UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLUETARP FINANCIAL, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13006** |
| **ROBERTSON DEVELOPMENT, LLC ET AL** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Summary Judgment (**Rec. Doc. 21) is **GRANTED in part,** insofar as the court finds that Robertson Development, LLC breached its settlement agreement with plaintiff. In all other respects, it is **DENIED**.

## BACKGROUND

Plaintiff, BlueTarp Financial, Inc. ("BlueTarp") alleges that it entered into an agreement with defendants, Robertson Development, LLC and Lawrence Robertson (hereinafter sometimes collectively, "Robertson") in which BlueTarp agreed to provide a line of credit to Robertson to enable Robertson to purchase goods, services, wares, and merchandise from Morrison Terrebonne Lumber Center ("Morrison Lumber"). BlueTarp further alleges that from February 10, 2015 to present, Robertson maintained a line of credit with BlueTarp in relation to purchases from Morrison Lumber, and that Robertson failed to pay BlueTarp on the line of credit. Blue Tarp alleges that the line of credit is an open account.

On September 14, 2015, after failing to pay on the line of credit, Robertson executed a promissory note in favor of BlueTarp for $290,694.10 for the past due balance for credit

extended prior to July 1, 2015.[1] The note was structured to require monthly payments of $7500.00 beginning August 10, 2015 until paid. The promissory note is signed by Robertson both as agent for Robertson Development, and in his personal capacity. BlueTarp alleges that Robertson failed to pay according to the terms of the note. Documentation submitted by Robertson indicates that Robertson made monthly payments of $7500.00 until June 2017.[2] Four more payments were made after that, all for amounts less than $7500.00, with the last payment on the note a $1500.0 payment made in March 2018.

On February 23, 2018, Robertson made a settlement offer to discharge his indebtedness.[3] Subsequently, on October 24, 2018,[4] Lawrence Robertson, on behalf of Robertson Development, LLC, signed a Settlement Agreement in which Robertson Development, LLC and BlueTarp agreed to settle BlueTarp's claim against Lawrence Robertson and Robertson Development, LLC for the amount of $75,000.00, paid out over monthly installments, in full satisfaction of Robertson's debts. Unlike the promissory note, the Settlement Agreement contains no signature line for Lawrence Robertson personally. The Settlement Agreement provided that if Robertson Development, LLC failed to make two consecutive payments at any time during the course of paying on the Settlement Agreement, the "balance [would] revert back to the original amount"

---

[1] Promissory Note, Rec. Doc. 21-2, p. 17. Funds advanced after July 1, 2015 constituted a "new balance", payable by the terms of an "Account Agreement" which was described as Exhibit B to the promissory note but not submitted to the court in connection with this motion.

[2] Rec. Doc. 33-1.

[3] Offer Letter, Rec. Doc. 33-1, p. 16.

[4] Settlement Agreement, Rec. Doc. 21-2, p. 20.

owed on Robertson's account, "and Lawrence Robertson/Robertson Development agrees to judgment at the original amount." It did not make any provision for attorney's fees in the event of default or enforcement litigation. Robertson made two non-consecutive payments under the Settlement Agreement: a $1,000.00 payment on October 30, 2018 and a $2,000.00 payment on January 28, 2019. Robertson Development, LLC allegedly breached the settlement agreement by failing to make two consecutive payments in breach of its terms. Plaintiff further contends that it sent Robertson a final demand letter on July 17, 2019, but that no additional payments have been made.

In the instant motion, plaintiff seeks summary judgment on its line of credit (which it alleges is an open account), for breach of contract, and on a theory of quantum meruit. Plaintiff contends that it suffered an actual loss of $290,694.10. Defendants oppose, contending, inter alia, that they do not have an open account with BlueTarp, with which they claim to have no privity of contract, and which they allege is acting as a collection agency for Morrison Lumber. Defendants also allege that the amount of the underlying debt sought is inaccurate because it does not reflect payments made on the promissory note.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any

material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

Plaintiff has styled its claim on the line of credit as an open account claim, but once BlueTarp and Robertson entered into the promissory note agreement, the prior agreement was extinguished.[5] The promissory note obligated Robertson Development, LLC and Lawrence

---

[5] BlueTarp concedes as much in its Reply memorandum, in which it states that "the purchases on open account are relevant to BlueTarp's claims to the extent they provide the background leading up to Defendants' execution of the Promissory Note and Settlement Agreement, those are the two documents from which BlueTarp's claims arise" Rec. Doc. 30, p. 7.

Robinson personally to pay BlueTarp $290,694.10 in satisfaction of its then-existing debt, in fixed payments at fixed intervals, and was not "open to future modification," but rather "embod[ied] a contractual agreement" which reflected "a concurrence in understanding of specific terms." See Signlite, Inc. v. Northshore Serv. Cntr. Inc., 959 So.2d 904, 907 (La Ct. App. 1st Cir. 2007).

Further, when the parties entered into the Settlement Agreement, the promissory note was extinguished by the Settlement Agreement. BlueTarp acknowledged this fact when it noted that "prescription [of claims on the promissory note] would not apply to bar BlueTarp's action because Defendants acknowledged and agreed to resolve their indebtedness by executing the Settlement Agreement,[6] and "[t]he relevance of the Promissory Note is for purposes of proving the total amount owed as a result of the breach of the Settlement Agreement."[7] Thus, the instant motion for summary judgment seeks to enforce the Settlement Agreement.[8]

Under the Settlement Agreement, Robertson Development LLC obligated itself to pay BlueTarp $75,000.00 through monthly installments. Lawrence Robertson in his personal capacity was not a party to the Settlement Agreement. The agreement further provided that if Robertson Development, LLC failed to make two consecutive payments at any time during the course of paying on the Settlement Agreement, "the balance [would] revert back to the original

---

[6]Id. at p. 8.

[7]Id. at p. 9.

[8]For this reason, the three-year prescriptive period for suits on open accounts provided at Louisiana Civil Code article 3494 is inapplicable.

5

amount and Lawrence Robertson/Robertson Development agrees to judgment at the original amount." The Settlement Agreement does not make any provision for attorney's fees.

A federal court sitting in diversity applies state law to determine the validity of a purported settlement agreement. Lockette v. Greyhound Lines, Inc., 817 F.2d 1182, 1185 (5th Cir. 1987). A settlement agreement is a species of contract known in Louisiana as a compromise. See In re Raymark Indus., Inc., 831 F.2d 550, 553 (5th Cir. 1987); La. Civ. Code art. 3071. Under Louisiana law, "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or uncertainty concerning an obligation or other legal relationship." La. Civ. Code art. 3071. To be enforceable, "a compromise must either be reduced to writing and signed by the parties or their agents, or be recited in open court and capable of transcription from the record of the proceeding." Trahan v. Coca Cola Bottling Co., United, 894 So.2d 1096, 1104 (La. 2005) (citing Lavan v. Nowell, 708 So.2d 1052, 1052 (La. 1998) (per curiam); La. Civ. Code art. 3072)). Compromises are favored in the law and the burden of proving the invalidity of such an agreement is on the party attacking it. Elder v. Elder & Elder Enterprises, Ltd., 948 So.2d 348, 351(La. App. 4 Cir. 1/11/07), writ denied, 956 So.2d 616 (La. 2007).

A settlement agreement is the law between the parties and must be interpreted according to their true intent. Chalmette Retail Ctr., L.L.C. v. Lafayette Ins. Co., 21 So.3d 485, 492 (La. Ct. App. 2009) (citing Uritchey v. Azar, 383 So.2d 360, 362 (La.1980)). It "is a written contract and it is construed according to the same general rules applicable to contracts." Brown v. Drillers, Inc., 630 So.2d 741, 748 (La.1994).

In its motion, BlueTarp argues that Robertson made only two non-consecutive payments under the Settlement Agreement: a $1,000.00 payment on October 30, 2018 and a $2,000.00 payment on January 28, 2018. The list of payments submitted in support of this motion also reflects a $2,000.00 payment on June 4, 2019.[9] It is not seriously disputed that Robertson failed to make two consecutive payments when due, thereby breaching the Settlement Agreement. To that extent, BlueTarp is entitled to summary judgment enforcing the agreement.

However, BlueTarp is not entitled to a judgment of the face amount of the promissory note, because the "the original balance" revived upon default of the Settlement Agreement is subject to credits for payments made on the promissory note prior to the execution of the Settlement Agreement. While BlueTarp has taken the position that "original balance" refers to the $290,694.10 obligation on the promissory note, as a matter of law, Robertson is entitled to credit for payments made on the promissory note prior to the Settlement Agreement. La. Civ. Code art. 2011 ("Stipulated damages for nonperformance may be reduced in proportion to the benefit derived by the obligee from any partial performance rendered by the obligor.")

Plaintiff also asserts claims based on a theory of quantum meruit. Quantum merit is a form of equitable relief that is only available when there is no other remedy at law available to plaintiff. Baker v. Maclay Properties Co., 648 So. 2d 888, 897 (La. 1995). Because the plaintiff is entitled to summary judgment on its breach of contract claim, it alternative theory of recovery under quantum meruit is moot. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Summary Judgment (**Rec.

---

[9] List of Payments, Rec. Doc. 21-2, p. 22.

Doc. 21) is **GRANTED in part,** insofar as the court finds that Robertson Development, LLC breached its settlement agreement with plaintiff. In all other respects, it is **DENIED**.

New Orleans, Louisiana, this __5th__ day of November, 2020.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**