UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BLUETARP FINANCIAL, INC.**      CIVIL ACTION

**VERSUS**      NO: 19-13006

**ROBERTSON DEVELOPMENT, LLC**      SECTION: "S" (3)
**ET AL**

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Summary Judgment (**Rec. Doc. 39) is **GRANTED in part**, and plaintiff is entitled to judgment against defendant, Robertston Development, LLC, in the amount of $111,290.15, plus pre-judgment interest from December 26, 2018 through the date of judgment at the rates established by La. R.S. 9:3500 and post-judgment interest from the date of judgment until paid, calculated in accordance with 28 U.S.C. § 1961(a).

## BACKGROUND

The court has previously found that defendant Robertston Development, LLC ("Robertson") is liable to BlueTarp Financial, Inc. ("BlueTarp") for breach of a settlement agreement entered into on October 24, 2018. Rec. Doc. 38. The settlement resolved claims stemming from Robertson's failure to pay on a promissory note, which had been executed to satisfy debt owed on a line of credit extended by BlueTarp to Robertson for the purchase of merchandise from Morrison Terrebonne Lumber Center. The face value of the promissory note was $290,694.10, which represented the past due balance on the line of credit at the time the note

was executed.[1]

Under the settlement agreement, Robertson obligated itself to pay $75,000 according to terms set forth therein. The settlement agreement provided for stipulated damages as follows: "If at any time Robertson fails to make 2 consecutive payments at any time during this period, then the balance will revert back to the original amount and Lawrence Robertson/Robertson Development agrees to judgment at the original amount." Rec. Doc. 21-2, p. 20.

Robertson breached the agreement by failing to make payments in the manner provided in the settlement agreement. BlueTarp moved for summary judgment, arguing that as set forth in the agreement, it was entitled to judgment in the "original amount." BlueTarp contended that the original amount was face value of the promissory note, $290,694.10. This court disagreed, applying Civil Code article 2011, which provides that "[s]tipulated damages for nonperformance may be reduced in proportion to the benefit derived by the obligee from any partial performance rendered by the obligor," and finding that Robertson was entitled to credit for payments made on the promissory note prior to the settlement agreement. Because the record before it did not conclusively establish the credit to which Robertson was entitled, the court did not make a finding on damages.

BlueTarp has now moved the court for summary judgment, seeking damages of

---

[1] The court notes that the accounting submitted in connection with this motion reflects that on the date the promissory note was signed, the ending principal balance was $272,840.15, with zero cumulative interest balance; ten days later, the principal balance was the same but an interest charge of $4123.90 had been applied to reach a total balance of $276,964.05. At no point does the accounting ever reflect a balance of $290,694.10. However, all parties signed the promissory note for that amount and it has not been challenged. Rec. Doc. 39-6 p. 4.

$188,309.09, calculated as follows:

| | |
|---|---|
| Original Balance: | $290,694.10 |
| Total Interest through Oct. 24, 2018: | $72,577.67 |
| Total Payments by Robertson: | $179,403.95 |
|    Applied to Principal: | $135,153.99 |
|    Applied to Interest: | $44,249.96 |
| Principal Balance as of Oct. 24, 2018: | $155,540.11 |
| Interest Balance as of Oct. 24, 2018: | $ 28,327.71 |
| Total Balance on Promissory Note as of Oct. 24, 2018: | $188,307.09. |

Robertson opposes the motion, arguing that the court's prior order held that Robertson owed $75,000.00, less credits for payments.

## DISCUSSION

*Legal Standard*

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

*Amount of stipulated damages*

In its prior motion for summary judgment, BlueTarp argued that the provision in the settlement agreement establishing the "original balance" as the stipulated damages amount, meant that it was entitled to the full face value of the promissory note, $290,694.10. The court held: "BlueTarp is not entitled to a judgment of the face amount of the promissory note, because the 'the original balance' revived upon default of the Settlement Agreement is subject to credits for payments made on the promissory note prior to the execution of the Settlement Agreement." Rec. Doc. 39, p. 7. Clearly, the court held – and it reiterates here – that the stipulated damages provided for by the settlement agreement is the face amount of the note less credits for payments made on the note prior to the execution of the settlement agreement.

The promissory note has a face amount of $290,694.10, which according to the parties, reflects the past due balance on the date it was made.[2] The note also provided for 12% interest.

---

[2] See supra, note 1.

While in its first motion, BlueTarp requested $290,694.10 as the "original amount" revived by the stipulated damages clause in the settlement agreement, for the first time BlueTarp seeks an additional $72,577.67 in interest on the promissory note that it claims had accumulated as of the date of the breach of the settlement agreement.

The court has reviewed plaintiff's original complaint. It alleges: "Pursuant to the terms of the Settlement Agreement, if Defendants failed to make two (2) consecutive payments at any time during the course of paying on the Settlement Agreement, the balance would revert back to the original amount of $290,694.10 owed on Defendants' account." Rec. Doc. 1, ¶ 8. Similarly: "Defendants have an open account with Plaintiff that has a remaining balance of $290,694.10." Id. at ¶ 13. Also, "By signing the Promissory Note, Robertson Development and Robertson, personally, agreed to be responsible for the payment of the $290,694.10 account balance." Id. at ¶ 14. While the complaint references interest, it is not the interest provided for in the promissory note, but rather judicial interest: "[A]fter due proceedings are had, Plaintiff, BlueTarp Financial, Inc., respectfully prays that this Court find in its favor and against Defendants Robertson Development, LLC and Lawrence Robertson as to all counts alleged herein, and enter judgment in Plaintiff's favor in the amount of $290,694.10, plus accrued and accruing **pre-judgment and post-judgment interest as allowed by law**." Id. at p. 4-5 (emphasis added); see also ¶¶ 16, 20, 25.

The court will not allow BlueTarp to expand its pleadings at this late stage to add a new element of damages, especially considering that because they were not pleaded or prayed for in the original complaint, Robertson has never had an opportunity to challenge the validity of these

interest charges. Accordingly, the court calculates plaintiff's damages as follows:

| | |
|---|---|
| Original Balance: | $290,694.10 |
| Total Payments by Robertson: | $179,403.95 |
| Stipulated damages under Settlement Agreement: | $111,290.15. |

*Pre- and post-judgment interest*

Federal courts sitting in diversity apply state law to the award of prejudgment interest. Bituminous Cas. Corp. v. Vacuum Tanks, Inc., 75 F.3d 1048, 1057 (5th Cir. 1996)(citations omitted). Under substantive Louisiana law, it is presumed that interest will be awarded on judgments. La. Civ. Code art. 2000. "When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by La. Rev. Stat. 9:3500." Id. "[A]a debt or claim for payment of money or damages under a contract is ascertainable and becomes due on the date an active violation occurred or the obligor was put in default, which can be earlier but never later than judicial demand, and legal interest runs from that date." St. Paul's Evangelical Lutheran Church v. Quick Response Restoration, Inc., 381 F. App'x 408, 412 (5th Cir. 2010)(internal quotations omitted). In this case, BlueTarp alleges, and Robertson does not dispute, that Robertson breached the agreement on December 26, 2018. Accordingly, BlueTarp is entitled to legal interest that runs from that date. Because the parties did not agree to a rate, the rate fixed by 9:3500 is applicable.

Federal courts sitting in diversity apply federal law to the award of post-judgment interest. Fuchs v. Lifetime Doors, Inc., 939 F.2d 1275, 1280 (5th Cir. 1991). Under federal law,

"[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Accordingly, BlueTarp is entitled to post-judgment interest calculated as set forth in section 1961.

Defendant having failed to establish the existence of a genuine issue as to any material fact that would prevent judgment as a matter of law in favor of BlueTarp,

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Summary Judgment (**Rec. Doc. 39) is **GRANTED in part**, and plaintiff is entitled to judgment against defendant Robertston Development, LLC in the amount of $111,290.15, plus pre-judgment interest from December 26, 2018 through the date of judgment at the rates established by La. R.S. 9:3500 and post-judgment interest from the date of judgment until paid, to be calculated in accordance with 28 U.S.C. § 1961(a).

New Orleans, Louisiana, this  21st  day of December, 2020.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**